FILED
2004 Dec-17  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    MIDDLE DIVISION

MARSHA TAYLOR,                  }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       04-AR-2894-M
                                }
SNEAD STATE COMMUNITY           }
COLLEGE, et al.,                }
                                }
     Defendants.                }
```

## MEMORANDUM OPINION

Before the court is the motion of defendants, Snead State Community College ("Snead State"), Alabama Department of Post-Secondary Education ("ADPSE"), Devin Stephenson ("Stephenson"), and Allen Champion ("Champion"), to dismiss the complaint of plaintiff, Marsha Taylor ("Taylor"), as against Stephenson and Champion, both in their individual and official capacities. Taylor, a black female, alleges in her complaint that all four defendants discriminated against her on account of her sex and/or race in regard to her termination as an employee of Snead State and/or ADPSE, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1983.

In ruling on a motion to dismiss, the court must accept as true all of the factual allegations in the complaint. *Leatherman v. Tarrant County,* 507 U.S. 163, 164 (1993). Taylor's complaint contains only one count; and that count provides little in the way of factual specificity. Defendants contend that the

complaint is due to be dismissed as against the two individual defendants for failure to state a claim upon which relief can be granted.  Rule 12(b)(6), F.R.Civ.P.

*Title VII*

Taylor's complaint purports to charge Stephenson and Champion with violations of Title VII.  As defendants quickly point out, Title VII actions lie only against an employer, and not against supervisory employees.  *See Hinson v. Clinch County, Georgia Board of Education*, 231 F.3d 821, 827 (11th Cir. 2000)("relief granted by Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act").  Snead State and/or ADPSE are alleged to be Taylor's employers.  Stephenson and Champion, respectively the president and vice president of Snead State, are not exposed to Title VII liability vis-à-vis Taylor.  Accepting as true plaintiff's allegation that Stephenson and Champion recklessly disregarded her civil rights in making the decision to fire her, it is nevertheless true that neither of them is her employer.  Thus, Taylor's Title VII claims against Stephenson and Taylor are due to be dismissed.

*Section 1983*

Defendants also contend that the § 1983 claims against Stephenson and Champion are defective as a matter of law for failure to satisfy the heightened pleading requirements that the

Eleventh Circuit has read into § 1983.  *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)(this circuit requires that a § 1983 plaintiff "allege with some specificity the facts which make out its claim").  This heightened pleading requirement exists as an expansion of and exception to the general rule that a pleading need only provide a "short and plain statement of the claim."  Rule 8, F.R.Civ.P.  Prior to this year, the Eleventh Circuit applied heightened pleading freely to § 1983 complaints, but it has recently narrowed that standard by holding that it does not apply if the defendant is not entitled to assert qualified immunity as a defense.  *See Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 835 (11th Cir. 2004) (recognizing that *Leatherman* "made it clear that any heightened pleading requirements in § 1983 actions against entities that cannot raise qualified immunity as a defense are improper"); *Leatherman*, 507 U.S. at 164 (holding that a federal court "may not apply a heightened pleading standard" in civil rights cases alleging municipal liability under § 1983).

*Swann* did not eliminate the heightened pleading standard altogether in the Eleventh Circuit, although the court's repudiation of *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), in *Swann* might erroneously lead one to that conclusion.  388 F.3d at 837.  Even after *Swann*'s recognition of limits on heightened pleading, the law of this circuit remains that heightened pleading applies to complaints against

defendants who, like Stephenson and Champion, <u>can</u> raise qualified immunity as a defense.  *See* 388 F.3d at 836-38 (citing post-*Leatherman* decisions applying heightened pleading standard and stating sole issue in that case to be whether district court erred in applying heightened standard against entity that could not assert qualified immunity); *GJR,* 132 F.3d at 1367.  Applying the heightened pleading standard, there is no way to reach any conclusion except that this complaint, as against Stephenson and Champion, who can assert qualified immunity as a defense, does not pass muster.  This court's inquiry ends here, without regard to whether the Eleventh Circuit's continued use of heightened pleading in § 1983 cases is ultimately determined to be proper or not.

*Official Capacity Claims Under § 1983*

Defendants also move to dismiss the complaint insofar as it alleges § 1983 claims against Stephenson and/or Champion in their official capacities.[1]  Because these claims  and the claims against Snead State and ADPSE are "functionally equivalent," there is no reason for Taylor to pursue official capacity claims against officials of those public entities.  To do so is legally

---

[1] The complaint does not expressly state § 1983 claims against Stephenson and/or Champion in their official capacities, but defendants point out that plaintiff's allegations support the inference that Taylor is suing them in their official, as well as individual, capacities.  The court will proceed to address this argument, assuming as defendants do that the complaint alleges official capacity claims under § 1983.

redundant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

## *Conclusion*

For the foregoing reasons, defendants' motion to dismiss will be granted by separate order entered contemporaneously herewith.

DONE this 17th day of December, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE