FILED

2005 Oct-27  PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

```
MARSHA TAYLOR,                    }
                                  }
        Plaintiff,                }
                                  }    CIVIL ACTION NO.
v.                                }    04-AR-2894-M
                                  }
SNEAD STATE COMMUNITY COLLEGE,    }
et al.,                           }
                                  }
        Defendants.               }
```

## MEMORANDUM OPINION AND ORDER

Before this court is the motion of defendants, Snead State Community College, et al. ("Snead State"), to compel plaintiff, Marsha Taylor ("Taylor"), to serve initial disclosures and to respond to Snead State's deposition questions. Specifically, Snead State seeks testimony from Taylor concerning her conversations with non-lawyer representatives of the Alabama Education Association ("AEA"). During Taylor's August 25, 2005 deposition, she declined to answer questions about the AEA on the advice of counsel. Taylor draws an analogy to the relationship between an insured and his carrier to argue that "her contacts with her professional organization seeking legal assistance are protected from discovery by the attorney-client privilege."

This court disagrees. Instead, it follows numerous courts that have declined to extend the attorney-client privilege to communications between an employee and his union representative. *In re: Grand Jury Subpoenas*, 995 F. Supp. 332 (E.D. N.Y. 1998); *Walker v. Huie*, 142 F.R.D. 497, 500 (D. Utah 1992); *U.S. Dep't. of*

*Justice v. Fed. Labor Relations Auth.*, 39 F.3d 361,369 (D.C. Cir. 1995); *McCoy v. Southwest Airlines Comp., Inc.*, 211 F.R.D. 381, 387 (C.D. Cal. 2002).

In accord with this authority, Snead State's motion to compel discovery of evidence related to Taylor's discussions with non-lawyer representatives of AEA is GRANTED, and Taylor is ORDERED to respond to Snead State's deposition questions on the above topic and to produce whatever documentary evidence she has on the subject of her communications with the AEA within fourteen (14) days of this order.  To the extent Snead State requests an order for Taylor to serve initial disclosures, the motion is MOOT.  Snead State's request for attorney's fees is GRANTED.  Unless the parties can agree on a reasonable fee for Snead State's counsel being forced to file a motion to compel and to attend a second deposition, Snead State shall support the fee request by affidavit within fourteen (14) days.

DONE this 27th day of October, 2005.



WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE